BENEDICT *vs.* STEVENS.

The statute, (Rev. Stat., tit. i., chap. xi., sec. 150,) which authorizes a recovery against a part of the defendants, in a suit brought against two or more persons, where a case is made out against a part and not against all, applies to the case of defendants sued as copartners, under a copartnership name.

Whether, under the statute, a recovery can be had against one of several defendants, whose liability is that of a partner with a person not a party to the suit—*qu.*

THIS was an action of book debt, against Nathaniel B. Stevens and Augustus P. Lawrence, described in the writ as partners under the name of N. B. Stevens & Company.

The suit was brought to recover the price of certain castings ordered by the defendant Stevens, and charged by the

plaintiff to the firm of N. B. Stevens & Company, for whom he supposed they were ordered. It appeared that this firm had been previously dissolved, and the castings were procured by Stevens as a partner in, and for the benefit of, the firm of Lawrence & Stevens, a new firm, consisting of himself and one E. G. Lawrence. The plaintiff had had no previous dealings with the first-named firm, and due notice of its dissolution had been given. Stevens did not state, at the time he ordered the castings, for whom they were procured.

The case came before the superior court for the county of Litchfield, at its March term, 1856, on the special finding of an auditor. The court, under the statute, (Rev. Stat., tit. i., chap. xi., sec. 150),* rendered judgment against the defendant Stevens individually, for the amount due the plaintiff, and in favor of the defendant Lawrence, for his costs; upon which the defendant Stevens filed a motion in error, assigning as error the rendering of such judgment against him individually, while the declaration alleged an indebtedness of the copartnership of N. B. Stevens & Company.

*Granger* and *Peck*, for the plaintiff in error.

The statute authorizing a recovery against part of the defendants, on a failure to make out a case against all, does not apply to a case like the present. The case intended was one where two persons are sued as jointly liable, and it proves that but one of them is liable, and he liable individually. Here the defendants are sued as partners; the copartnership, which is a unit, being really the defendant. *Barnum* v. *Landon,* 25 Conn., 137. And Stevens, against whom judgment was rendered, is not individually liable, but only as a member of the firm of Lawrence & Stevens. That firm should have been sued, and Stevens ought not to be subjected in any suit not brought against that firm. The

---

* The statute referred to is as follows:

" In all actions against two or more defendants, if the plaintiff shall fail to sustain a good cause of action against any defendant or defendants, he shall not, for that reason, be prevented from recovering judgment against the other defendant or defendants; and the defendant or defendants against whom no recovery is obtained, shall be entitled to judgment for costs."

plaintiff has failed to make out a case against either defendant as a sole promisor, and therefore can not recover against either under the statute.

*Hubbard* and *Woodruff,* for defendant in error.

The case falls directly within both the object and the letter of the statute in question.

The description of the defendants as " copartners under the name of N. B. Stevens & Company," does not make the suit an action against the copartnership as such. It is a mere description of the defendants, and of no importance.

Although Lawrence & Stevens might have been sued, yet Stevens, as a member of that firm, is liable individually, and judgment could be recovered against him individually, where he does not plead the nonjoinder of his partner. Besides, he ordered the castings without informing the plaintiff that they were for the firm ; so that, on ordinary principles of agency, he would be individually liable.

HINMAN, J. The defendant, one of the firm of Lawrence & Stevens, ordered of the plaintiff certain castings, which were sent to Norfolk, according to the defendant's directions, not informing him for whom they were ordered. The plaintiff supposed that they were intended for the firm of N. B. Stevens & Co., which had consisted of the defendant and Augustus P. Lawrence, and he accordingly charged them to that firm, and commenced his suit against them as partners. But in April, 1851, previous to the ordering of the castings, the old firm was dissolved, and a new copartnership formed between the defendant and E. Grove Lawrence, under the name of Lawrence & Stevens; and, as due notice of the dissolution of the old firm was given, and the plaintiff, moreover, had never had any dealings with that firm, he of course could not recover against Augustus P. Lawrence. Stevens, however, was undoubtedly liable, as the goods were ordered by him personally, so that we need not consider what would be the effect if he were liable only as partner with E. G. Lawrence ; and the statute, tit. i., chap. xi., sec. 150, made

it the duty of the court to render judgment against him, be-cause, against him, the plaintiff sustained his case. Accord-ingly, judgment was so rendered, and Lawrence, who was sued as his partner, had judgment for costs. This is in strict conformity to the statute, and is correct. The original plaintiff is, therefore, entitled to judgment against Stevens, on his motion in error.

In this opinion STORRS, J., concurred. WAITE, C. J., was not present.

. Judgment affirmed.