## INBUSCH *vs.* FARWELL.

1. Partnership goods were attached on mesne process against three partners, for a partnership debt; property released on bond conditioned to pay the judgment which may be recovered against the defendants; suit discontinued against two defendants for want of jurisdiction, and prosecuted to judgment against the administrator of the other: *Held,* that the plaintiff may recover from the sureties in the bond the amount of the judgment.

2. Sureties in such a bond are sureties of the partnership, and if compelled to pay the money, they have an action for reimbursement against all who were partners at the date of the bond.

3. A judgment against one partner or his administrator (the other partners being out of the jurisdiction) binds the partnership property, and if partnership property be attached in such a case and not released, the marshal is bound to sell it and apply the proceeds to the satisfaction of the judgment.

4. A judgment for a partnership debt recovered against one of the partners is payable out of the proceeds of partnership property in preference to the individual debts of the partner sued.

Writ of error to the District Court of the United States for the district of Wisconsin.

James Buchanan, Henry Eastman, and Patten McMillan were partners trading under the firm of Buchanan, Eastman & Co. Charles B. Farwell was a creditor of the firm, and commenced an action in the District Court against all the partners by summons, with attachment. The marshal attached personal property of the partnership, and served the summons on Buchanan and McMillan. Afterwards, all three of the defendants appeared to the action. A bond was executed by James Buchanan, John G. Inbusch, and John D. Inbusch, referring to the action, reciting the attachment of the defendants' goods, and conditioned for the payment of the *amount of the judgment that might be recovered against the defendants.* On filing this bond an order was made to release the defendants' goods, which was done. Subsequently, it being made to appear that two of the defendants, Buchanan and Eastman, were citizens

of Illinois, the plaintiff discontinued his action as to them for want of jurisdiction in the court. The death of the other defendant was suggested, and his administrator was substituted. The action proceeded against the administrator of McMillan to verdict and judgment.

The present suit is against John D. Inbusch and John G. Inbusch on the bond in which they were sureties, and on which the goods of Buchanan, Eastman & Co. were released from the custody of the marshal. The defence was that the plaintiff had not recovered judgment *against the defendants*, and therefore the condition of the bond was not broken. But the judge of the District Court refused so to charge the jury, and ruled that the suit would lie on the bond to recover the amount of the judgment rendered against the administrator of McMillan, *one of the defendants.* Verdict and judgment were accordingly given for the plaintiff, and the defendants took their writ of error.

*Mr. Reverdy Johnson*, of Maryland, for plaintiffs in error.

*Mr. Hawley*, of Illinois, and *Mr. Stanbery*, of Ohio, for defendants in error.

Mr. Justice CLIFFORD. This is a writ of error to the District Court of the United States for the district of Wisconsin. As appears by the transcript, the suit was brought on the nineteenth day of October, 1859, by the present defendant, and the proceedings in the suit show that he had judgment in the court below, and that the original defendants sued out this writ of error. It was an action of debt, upon a bond signed by one James Buchanan, for and on behalf of himself, Henry Eastman, and Patten McMillan, as principal, and John G. Inbusch and John D. Inbusch, as sureties. Process issued against all three of the obligors who signed the bond, but service was not made upon the principal, for the reason that he was out of the jurisdiction of the court.

Referring to the recitals of the bond, it will be seen that it was given for the discharge of certain personal property attached

by the marshal, and held by him at the date of the bond, under a process of attachment duly issued by the District Court of the United States for the same district against said 'James Buchanan and the other two individuals, for and on whose behalf he professed to act in executing the instrument. They were co-partners in the lumbering business, under the firm-name and style of Buchanan, Eastman & Company, and in the course of their trade became indebted to Charles B. Farwell, the obligee of the before mentioned bond. He held against their firm two promissory notes, both dated October fifth, 1857, and made payable at the Galena Bank, with interest, at the rate of ten per cent. One was for the sum of two thousand dollars, payable in ninety days from date, and the other was for one thousand dollars, payable in four months, and both were signed in the name of the firm. Both notes being overdue and unpaid, the promisee, on the twelfth day of February, 1858, brought suit against the three partners to recover the amount. When he filed the *praecipe* he also filed a bond and affidavit for a summons with attachment, and the process duly issued in that form. Pursuant to the command of the precept, the marshal attached a large quantity of pine lumber belonging to the co-partnership, consisting of pine boards, shingles, and sawlogs.

Proceedings for the collection of debts in the District Court of the United States for that district are regulated by the laws of the State composing the district, in consequence of a rule to that effect adopted by the court. Accordingly the marshal made an inventory of the property attached, and caused the same to be appraised by two disinterested freeholders of the county. They appraised the property attached at the sum of six thousand four hundred and fifty dollars, as appears by their certificate appended to the return of the marshal. By his return, it also appears that, on the sixteenth day of the same month, he made due service of the process upon Buchanan and McMillan, two of the partners, by giving to each a certified copy of the process, and also of the inventory made by him of the property attached. All three of the defendants appeared, by attorney, on the first day of March following,

and on their motion it was ordered by the court that the property attached be released, and the attachment discharged on the defendants filing a bond, with sureties, to pay the amount as ascertained by the inventory and appraisement. Ten days afterwards the marshal was furnished with a certified copy of the order of the court, and upon the defendants in that suit filing the bond on which the present suit was brought, he released the property and discharged the attachment.

Recurring again to the bond, it will be seen that it was framed upon the condition that if the defendants in this suit, "or either of them, will, on demand, pay to the plaintiff in said action the amount of the judgment that may be recovered against the defendants in the action, not exceeding the recorded sum, then this obligation to be void; otherwise to be and remain in full force and effect."

Two pleas were filed by the defendants in this suit: First, they alleged that the writing obligatory, on which the suit was brought, was not their deed. Secondly, they alleged, in effect, that the plaintiff in the attachment suit did not recover judgment against the defendants in that suit for any sum whatever, as by the record thereof, now remaining in the court, would more fully appear, and concluded with a verification.

To the second plea the plaintiff replied, specially setting forth all the proceedings in the attachment suit as already given, and averring in addition thereto that the defendants appeared in the case on the 24th day of March, 1858, and pleaded to the jurisdiction, alleging, that at the commencement of the suit they were citizens of the State of Illinois, and not citizens of the State of Wisconsin, as alleged in the declaration. They also alleged that two of the defendants afterwards, on the seventeenth day of November, in the same year, made and filed in the cause a suggestion of the death of the other defendant; and that on the 10th day of January, 1859, he, the plaintiff, filed a replication to their plea to the jurisdiction of the court, denying the matters therein alleged, and averring that some one or more of the defendants were citizens of the State of Wisconsin, as was alleged in the declaration. That he, the plaintiff, thereafter, on the eighth day of April following, by

leave of court, entered a discontinuance as to Buchanan and Eastman, because they were out of the jurisdiction, as alleged in their plea; and, that on the twenty-first day of the same month, the administrator of the deceased defendant, McMillan, appeared as a party defendant in the suit.

These allegations were also accompanied by others, to the effect that the suit was duly revived against the administrator of the deceased partner; that the parties went to trial on the issue tendered and joined, and that the jury returned their verdict in favor of the plaintiff, and that the cause was then, for the want of a plea in bar of the action, referred to the clerk to compute the damages, and upon his report coming in, judgment was entered for the plaintiff in the sum of three thousand three hundred and seventy dollars and forty cents. Whereupon the defendants filed a rejoinder, averring that all the facts set forth in their second plea were true, and repeating the denial that the plaintiff ever recovered judgment against the defendants named in the bond. Upon these several matters they tendered an issue to the country, and on that issue the parties went to trial. To maintain the issue on his part, the plaintiff introduced the bond and a duly certified copy of the record in the attachment suit, and proved that he demanded payment of the amount before the suit was brought.

No testimony was offered by the defendants for the reason, doubtless, that their defence was, and still is, that the plaintiff failed to make out his case. They accordingly requested the court to instruct the jury that the record of the attachment suit showed that the plaintiff did not recover judgment against the defendants in that suit within the true intent and meaning of the bond, and, consequently, that there had been no breach of the condition therein set forth; but the court refused the prayer, and instructed the jury, substantially, that the suit would lie to recover the amount of the debt, interest, and costs of the judgment rendered in the attachment suit, and that the proofs introduced by the plaintiff showed a forfeiture and breach of the condition of the bond on the part of the defendants.

Exceptions were duly taken by the defendants, both to the

refusal of the court to instruct the jury as requested, and to the instructions given, as more fully set forth in the transcript.

I. It is not denied that the defendants in the attachment suit were partners, as alleged in the declaration; and it is equally clear that the suit was brought to recover a debt due the plaintiff from the partnership, and that the property attached by the marshal was partnership property.

But it is insisted by the defendants that the judgment recovered in that case was not in terms a judgment such as is described in the bond, and that they, the present defendants, being sureties, have a right to stand upon the letter of their contract. On the other hand, it is insisted by the plaintiff that the suit was well prosecuted, under the circumstances stated, against the administrator of the deceased defendant, and that the judgment, although against but one of the partners, yet being a judgment upon a partnership debt in a case where the other partners were out of the jurisdiction of the court, the effect of the judgment was to bind the property attached by the marshal, so that it would have been his duty, if no bond had been given, to have sold the same, and appropriated the proceeds to the payment of the execution issued upon such judgment.

Jurisdiction in the Federal courts is not defeated by the suggestion that other parties are jointly liable with the defendants, provided it appears that such other parties are out of the jurisdiction of the court; but it is expressly provided by the act of the 28th of February, 1839, that the judgment or decree rendered in the case shall not conclude or prejudice other parties not regularly served with process, or not voluntarily appearing to answer. 5 Stat. at Large, 32; *D. Arcy* vs. *Ketchum et al.*, (11 How., 165;) *Clearwater* vs. *Meredith et al.*, (21 How., 492.)

Under that law, therefore, without more, it is clear, that if Buchanan and Eastman had not been made parties to the suit, it might have been regularly prosecuted against the other defendant in his lifetime, and after his decease might have been revived and prosecuted against his administrator; and it is

equally clear, that by the law of the State, and the rule of the court adopting the same, it was competent for the plaintiff, under the circumstances, to discontinue as to Buchanan and Eastman, and proceed against the administrator of the other partner. Sess. Laws, 1856; see Code, Sec. 25, p. 10.

It is not questioned that the administrator voluntarily appeared in the case, and the record shows that the proceeding reviving the suit was regular and according to law. These considerations lead necessarily to the conclusion, that the judgment against the estate of the deceased partner was a valid judgment, and that the only question of any importance in the case is as to its effect upon the rights of those parties.

II. Some light will be shed upon the question by referring more definitely to the course of proceeding under which the bond was given, and the property attached released. By the law of the State, it is provided, that whenever the defendant shall have appeared in the action, he may apply to the officer or to the court for an order to discharge the attached property; but to secure that right, he must deliver to the court or officer an undertaking executed by at least two sureties, residents and freeholders in the State, approved by such court or officer, to the effect that the sureties will, on demand, pay to the plaintiff the amount of the judgment that may be recovered against the defendant in the action, not exceeding the sum specified in the undertaking.

Appearance was accordingly entered in the case by the attorney of the defendants in compliance with that requirement, and for the purpose of procuring the discharge of the property held by the marshal. Attachments are made for the benefit of creditors, but the provision for the discharge of the property attached is made for the benefit of debtors. They may demand as matter of right, on complying with the requirements of the law in that behalf, to have their property discharged from attachment, and that a bond with sureties be accepted in its place. Under those circumstances, it is quite obvious that the bond becomes a substitute for the property released; and where there are no special circumstances to render the case an exceptional one, it must be held that any judgment that would

*Inbusch vs. Farwell.*

have bound the property, if it had remained under attachment in the hands of the marshal, will bind the obligors of the bond in a case like the present, where the suit was commenced against the partnership upon a partnership contract, and the property attached was partnership property.

Discontinuance as to the partners, not within the jurisdiction of the court, was properly allowed under the law of the State and the practice of the court. Beyond question, therefore, it was a valid judgment upon a partnership debt; and although it was against the estate of but one of the partners, still, if the property attached had not been released, it would have been the duty of the marshal, under the law of the State and the practice of the court, to have sold the same, and appropriated the proceeds to the payment of the execution issued upon the judgment. Rev. Stat. Wis., 1849, Sec. 41, p. 539.

Although the other partners were not prosecuted to judgment, because they were out of the jurisdiction of the court, still the judgment was rendered upon a partnership debt, to which it would be the duty of the marshal to apply partnership property in preference to the debts of the individual partners. Sureties in the bond were sureties for the partnership for the purpose therein described, and if compelled to pay the amount they clearly have a right of action against all who composed the firm at the time they assumed the liability. *Gay* vs. *Johnson et al.*, (32 N. H., 167;) Story on Part., Sec. 375; Collier on Part., 3d ed., Sec. 713, p. 630; *Benedict* vs. *Stevens*, (25 Conn., 392.)

Judgment was recovered, therefore, in this case for the partnership debt, and if the property attached had not been discharged it must have been appropriated to liquidate the judgment, and we think the bond must be regarded as a substitute for the property, and consequently that the rulings and instructions of the District Court were correct.

*Judgment of the District Court affirmed.*