CHADBOURN *et al. v.* COE *et al.*

*(Circuit Court, D. Minnesota, Third Division.* May 4, 1891.)

FRAUDULENT CONVEYANCES—PARTIES.

 A bill in equity against a trustee to subject property alleged to have been fraudulently conveyed to him cannot be sustained when the debtor is not a party, and complainant has no judgment against him, but merely alleges indebtedness upon promissory notes.

In Equity. Demurrer to bill, for defect of parties.

In September, 1889, Reuben W. Chadbourn, now deceased, filed his bill in equity in this court against Orlen P. Whitcomb and James N. Coe. After the death of Reuben W. Chadbourn the action was revived in the name of the complainants herein. The said Reuben W. Chadbourn was at the time of the filing of the bill, and the present complainants now are, residents and citizens of the state of Wisconsin. The defendant Coe is a resident and citizen of the state of Minnesota, and the said Orlen P. Whitcomb is a resident and citizen of the state of Colorado. Whitcomb filed a plea in abatement, alleging that he was at the time of the filing of said bill, and now is, a citizen of the state of Colorado, and alleging that this court had no jurisdiction over his person or the subject-matter. Said plea has been sustained by this court, and Whitcomb is out of the case.

The bill alleges that Orlen P. Whitcomb is indebted to the complainants in a sum exceeding $5,000, exclusive of costs, and that the debt is evidenced by Whitcomb's three promissory notes. No judgment has been obtained against Whitcomb. It is alleged that Whitcomb is insolvent, and has been so since 1875; that since about 1883 he has been a resident and citizen of the state of Colorado, and absent from the state of Minnesota; that complainants cannot procure a judgment against him in any action at law in the courts of the state of Minnesota, or in the United States circuit court of said state of Minnesota, to collect said notes; that jurisdiction cannot be had by the service of process on Whitcomb in any action at law in said courts to collect said notes or to pro-

cure a judgment thereon; that Whitcomb has no property in the state of Colorado, where he resides, or in the state of Wisconsin, where the complainants reside, or in any other state or territory, as complainants are informed and believe, out of which the complainants can collect their debt, except the property described in the bill, which property, both personal and real, the complainants allege Whitcomb transferred to defendant Coe with intent to hinder and delay and defraud his creditors; that complainants are without remedy at law to collect the debt; that the property so transferred to Coe was of the value of several thousand dollars in excess of the incumbrances thereon; that the property was taken by Coe with intent to delay and defraud the creditors of said Whitcomb, and especially the complainants; that Coe paid no consideration for the property at the time of the conveyance, except a nominal amount of one dollar, and that he executed at the time of the conveyance of the property a certain secret trust agreement to Whitcomb, a copy of which is set forth in the bill; that the purpose of the transfer to Coe was to prevent the complainants and other creditors from collecting debts, and to enable the said Whitcomb to manage, control, dispose of, and handle said property for his own use and benefit, free from claims of creditors, and particularly from these complainants; and that Whitcomb has, until about the year 1887, received the proceeds and crops from the real estate, and has sold a portion of the real estate; and that said trust agreement was never recorded. Said trust agreement, omitting the description of the property, is as follows:

"Know all men by these presents that I, James N. Coe, of the city of Rochester, in the county of Olmsted and state of Minnesota, for and in consideration of the conveyance to me by Orlen P. Whitcomb of said city of Rochester of the following described real estate situated in the county of Olmsted and state of Minnesota, and known and designated as follows, to-wit, * * * do hereby covenant and, agree, for myself and my heirs to and with the said Whitcomb, his heirs and assigns, to hold said premises in trust for the said Whitcomb for the following purposes, viz.: To convey said real estate, or any part or portion thereof, to such person or persons, and for such prices, as the said Whitcomb shall direct; and I hereby agree to make all such conveyances on request, and out of the proceeds of the sale of and for said real estate to pay to the creditors of said Whitcomb such proportion thereof as he shall direct, and to account to and with the said Whitcomb on demand, for and on account of all moneys or securities received on said sales, less any taxes or expenses incurred in the premises; and I further covenant that I will not convey said real estate, or any part thereof, except as requested by said Whitcomb; and in consideration of the premises and one dollar to me in hand paid by said Whitcomb, the receipt whereof is hereby acknowledged, I hereby covenant and agree for myself and my heirs to and with the said Whitcomb, his heirs and assigns, to convey upon demand to said Whitcomb, his heirs or assigns, by good and sufficient deed, all of the real estate hereinbefore described, except such as shall have been conveyed by his request, upon being paid the expense of executing said deed, and upon being paid all taxes and expenses, if any, incurred in the premises."

There is also an agreement set forth in the bill by which Orlen P. Whitcomb transfers to said defendant Coe his personal property, consisting of stock, farm implements, etc., with power of attorney to man-

age, control, sell, exchange, or dispose of the property as directed by said Whitcomb, and to account to the said Whitcomb therefor. This agreement was not recorded; and it is alleged that the deeds of conveyance to Coe and the agreement were made and accepted with intent to delay, hinder, and defraud Whitcomb's creditors, especially the complainants, and to cover up and secrete the real and personal property of Whitcomb, and to prevent the creditors of Whitcomb from applying the same upon their debts. The defendant Coe demurs to said bill upon three grounds, as follows:

"(1) That said bill of complaint does not, since the allowance of the said plea of the said Orlen P. Whitcomb, state or set forth such a case as doth, or ought to, entitle the complainants to the relief thereby sought and prayed for from or against this defendant. (2) That the said Orlen P. Whitcomb having been by the order of this court dismissed out of this suit, and no adjudication having been obtained against him that he is in any way indebted to the said complainant, no relief can be had against this defendant to discover or appropriate property in this defendant's hands to the payment of any supposed claim against the said Orlen P. Whitcomb. (3) That the said Orlen P. Whitcomb, in the said bill of complaint named, is by the complainants' own showing a proper and necessary party to any suit which may be brought against this defendant in this court, touching any of the pretended matters of equity charged in said bill."

*Davis, Kellogg & Severance*, for plaintiffs.
*Charles C. Willson*, for defendants.

THOMAS, J., (*after stating the facts as above.*) This demurrer was argued before Judge NELSON and myself at the January term of this court, and taken under advisement. After a careful consideration of the facts, and on examination of the authorities cited, together with many others, I have come to the conclusion that this demurrer must be sustained. I am unable to see how this case can be determined according to equitable principles without the presence of the said Whitcomb. It is his debt which is sought to be collected. He has not had his day in court, and he cannot be brought in in this action, and compelled to set up his defense, if he has one. This court has no jurisdiction over him. He is alleged to be insolvent, and it is alleged that he has disposed of his property to the defendant Coe, both personal and real, with intent to hinder and delay his creditors, and that the agreement between him and Coe, alleged and set forth in the bill, is a secret trust or device, adopted in aid or furtherance of the scheme to defraud the creditors. All these are important matters, in which said Whitcomb is directly interested. They are important to the defendant Coe. Whitcomb could not and would not be bound by the decree. His interests are so intimately connected with the interests of the parties to the suit now before the court that I think he must be held to be an indispensable party to the complete determination of the controversy. The conveyances and agreements are fair upon their faces; and the fact that they were not recorded, though a circumstance that would or might be taken into consideration in determining the question of fraud if all the parties were before the court,

does not show fraud. In other words, taking the transaction between Whitcomb and Coe as disclosed by the bill, independently of a purpose or intent to defraud, which must be established by the complainants, the court could not find that the transfer was made or received by either with a fraudulent purpose.

It is contended by the learned counsel for the complainants that the point made by the counsel for the defendant Coe "that, if Coe is compelled to pay the claims of the plaintiffs in this action out of the property of Whitcomb, he might again be compelled to pay it to Whitcomb, is not well taken, for the reason that the bill alleges that the property was conveyed to Coe in fraud of Whitcomb's creditors; that the purpose and object of the conveyance was to hinder and delay the creditors of Whitcomb and the grantor." And he claims that when a party makes a conveyance for this purpose he cannot, under any circumstances, recover back the property conveyed, or any part of it, and that the door of a court of equity is always closed to such; the complainants citing: *Freeman* v. *Sedwick*, 6 Gill, 28; *Bolt* v. *Roders*, 3 Paige, 156; *Nellis* v. *Clark*, 20 Wend. 24; *Moseley* v. *Moseley*, 15 N. Y. 334; *Peck* v. *Burr*, 10 N. Y. 294; *Coppell* v. *Hall*, 7 Wall. 542; *Blennerhassett* v. *Sherman*, 105 U. S. 100; *Sweet* v. *Tinslar*, 52 Barb. 271; *Lokerson* v. *Stillwell*, 13 N. J. Eq. 358; *Marlatt* v. *Warwick*, 19 N. J. Eq. 439. The proposition is sound in law, and, when properly applied, is controlling. Whether or not the transaction was fraudulent is the important question for the court to determine. Whitcomb is not before the court, and we cannot assume a fraudulent purpose on his part. A decree in this case without the presence of Whitcomb would not and could not bind him in any subsequent action against Coe.

This court is asked to determine that Whitcomb was indebted to the complainants upon notes set forth in the bill in the sum of $5,000 and over; that Whitcomb is insolvent; and that he has placed his property in the hands of the defendant Coe by means of a certain deed and a certain secret trust agreement, with intent to hinder, delay, and defraud his creditors, especially the complainants,—without the presence of Whitcomb; and upon the determination of these facts in favor of the complainants it is asked to decree that the deeds of transfer by Whitcomb to Coe be set aside as fraudulent and void as against the complainants, and that the said fraudulent secret trust and agreement be declared void, and that the conveyance to said defendant Coe of said personal property be declared void, and that Coe render an itemized account, properly stating all the sums received by him from proceeds of said lands, or the sale of personal property, or the sale of any lands; that he be required to pay over to the complainants, to the amount of their claim, all sums in his hands belonging to Whitcomb, and received from the whole of said farms, personal property, or the crops and proceeds of the farms; that said real estate be sold, and the proceeds thereof applied to the payment of complainants' claim; and for a receiver. Upon well-settled principles of equity jurisprudence I think the court ought to decline to proceed to the determination of these questions in this action unless Whitcomb is made

a party. The fact that he is a citizen and a resident of the state of Colorado, and cannot be served with process that will render him subject to the jurisdiction of this court in this action, does not relieve the complainants of the difficulty. The act of February 28, 1839, and the forty-seventh rule in equity cannot be invoked to aid the complainants. Notwithstanding the act and rule, this court can make no decree affecting the rights of any absent person, and can make no decree between the parties before the court, which so far involves or depends upon the rights of an absent person that complete or final justice cannot be done between the parties to the suit without affecting those rights. *Mallow* v. *Hinde*, 12 Wheat. 193–198; *Barney* v. *Baltimore City*, 6 Wall. 280–285. The rights of Whitcomb respecting the amount due, if anything, on the notes, his alleged insolvency, the alleged fraudulent purpose and intent in transferring the property to the defendant Coe, lie at the very foundation of the claim of right by the complainants, and no final or complete determination can be made in this action between the complainants and defendant Coe without affecting the rights of Whitcomb. Not only the rights of Whitcomb are affected by the decree, but the rights of Coe, who may be called upon to account to Whitcomb for the property and interests placed in his hands. No decree ought to be rendered that would not protect Coe. As was said in *Mallow* v. *Hinde, supra:*

"We do not put this case upon the ground of jurisdiction, but upon a much broader ground, which must equally apply to all courts of equity, whatever may be their structure as to jurisdiction,—we put it upon the ground that no court can adjudicate directly upon a person's rights without the party being either actually or constructively before the court."

In *Barney* v. *Baltimore City, supra,* the court, speaking through Justice MILLER, says:

"The learning on the subject of parties to suits in chancery is copious, and, within a limited extent, the principles which govern their introduction are flexible. There is a class of persons having such relations to the matter in controversy, merely formal or otherwise, that, while they may be called proper parties, the court will take no account of the omission to make them parties. There is another class of persons whose relations to the suit are such that if their interest and their absence are formally brought to the attention of the court it will require them to be made parties if within its jurisdiction, before deciding the case; but if this cannot be done, it will proceed to administer such relief as may be in its power between the parties before it. And there is a third class, whose interests in the subject-matter of the suit and in the relief sought are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit when these parties cannot be subjected to its jurisdiction."

We think the facts of this case as disclosed by the bill come clearly within the third subdivision of the above rule. The case of *Elmendorf* v. *Taylor,* 10 Wheat. 152, cited by complainants' counsel to sustain the bill, is explained in *Mallow* v. *Hinde, supra.* In that case the supreme court, speaking through Justice TRIMBLE, says:

"In that case the right of the party before the court did not depend upon the party not before the court. Each of their rights stood upon its own inde-

pendent basis, but the ground upon which it was necessary, according to general principle, to have both parties before the court, was to avoid a multiplicity of suits, and to have the whole matter settled at once."

And the court further says in that case:

"Though the rules as to parties in equity are somewhat flexible, yet where the court can make no decree between parties before it upon their own rights, which are independent of the rights of those not before it, it will not act."

We do not think the case of *Northwestern Pavement Co.* v. *Norwegian Seminary*, 43 Minn. 449, 45 N. W. Rep. 868, inconsistent with this opinion. In that case the subcontractor brought suit to enforce a mechanic's lien, and named the contractor, Evans, as one of the defendants, but no summons was served on Evans. It was suggested that Evans was a necessary party, and, as he had not been served with summons, the defendant corporation claimed that it was entitled to judgment on the merits. In answer to defendant's suggestion, the court, speaking through MITCHELL, J., says:

"Inasmuch as the contract relation between the owner and the original contractor and the contract relation and state of accounts between the original and subcontractor must be adjudicated upon before the lien can be established in favor of the subcontractor, and as the judgment in any action between a subcontractor and the owner would not be conclusive on the intermediate contractor, we think the better and proper rule is that, in an action by a subcontractor to enforce a lien, the original contractor is a necessary party defendant; * * * but the fact that the contractor is not made a party will not entitle the owner to a judgment on the merits. Where he is not named as a defendant in the title of the action, the defect of parties must be taken by demurrer or answer. Where he is so named, but has not in fact been made a party by the service of summons, it may not be entirely clear how the defect can be taken advantage of. It certainly cannot be by demurrer, and there seems to be a difficulty in the way of requiring it to be done by answer. We think the proper practice is, when the plaintiff moves the case for trial, for the court, upon its attention being called to the defect, to continue the action or delay the trial until the contractor is brought in as a party. If the plaintiff has unreasonably delayed in making service of the summons on him it might be good grounds for a motion to have the action dismissed."

If Whitcomb was before the court, I do not think the fact that no judgment has been obtained on the alleged indebtedness would necessarily avail the defendant. *Case* v. *Beauregard*, 101 U. S. 688–690. I think the view I take of this case is fully sustained by the following additional authorities: *Shields* v. *Barrow*, 17 How. 130; *Gregory* v. *Swift*, 39 Fed. Rep. 708; *Williams* v. *Bankhead*, 19 Wall. 563; *Bell* v. *Donohoe*, 17 Fed. Rep. 710; *Dormitzer* v. *Bridge Co.*, 6 Fed. Rep. 217. It follows from the conclusion reached that judgment dismissing the complaint must be entered, but it may be without prejudice, and it is accordingly so ordered.

NELSON, J. I concur in the foregoing opinion. Whitcomb is an indispensable party, and must be before the court to insure a fair trial. His interests are directly involved. Even his indebtedness is not fixed, but is open to controversy; and, as stated by the supreme court in *Ribon* v. *Railroad Cos.*, 16 Wall. 450:

"The rule in equity as to parties defendant is that all whose interests will be affected by the decree sought to be obtained must be before the court; and if such persons cannot be reached by process   *   *   *   the bill must be dismissed."

This case is not within the exceptions to this rule.