[Civil No. 748.  Filed March 21, 1901.]

[64 Pac. 433.]

CHARLES GOLDMAN, Administrator of the Estate of M. Wormser, Deceased, Plaintiff and Appellant, v. JERRY MILLAY, Defendant and Appellee.

1. PARTITION—PARTIES DEFENDANT—REV. STATS. ARIZ., PAR. 2394, CITED. —In an action by the mortgagee of an undivided one half of a library for partition against purchaser of the other undivided one half, alleging that said purchaser was in exclusive possession, where it appears that the defendant held possession of only an undivided one half, and the widow of the mortgagor held possession of and claimed title to the other undivided one half, the widow is the real party in interest, and she not having been joined as party defendant, there was a defect of parties defendant, and there was no error in the court entering judgment for the defendant.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

Baker & Bennett, for Appellant.

Kibbey & Edwards, for Appellee.

DOAN, J.—This action was brought in the district court of Maricopa County on the twenty-fourth day of February, 1900, by the appellant, Charles Goldman, as administrator of the estate of M. Wormser, on a complaint alleging that a part of the estate of M. Wormser consisted of an undivided one-half interest in and to certain law-books and personal property therein described; that, as administrator of said estate, plaintiff was entitled to possession of an undivided one-half interest of the said law-books and personal property; that the said law-books were in the exclusive possession of the defendant, Jerry Millay; that the defendant had applied to said Millay to admit the plaintiff to a joint and equal use and possession of, and to make a joint and equitable apportionment and division of, the said books and property between plaintiff and defend-

ant, all of which had been denied and refused by the said defendant. Wherefore plaintiff prayed for a partition of the said books and property, and that the plaintiff be placed in possession of that part to the possession of which the court should find him entitled. The defendant denied that the property was a part of the said Wormser estate, denied that he was in exclusive possession thereof, and alleged that he, with one Frank Stewart Williams, as co-owner, were in possession of the library in controversy; that he was the owner of one undivided one half of the said property, and the said Frank Stewart Williams was the owner of the other undivided one half. Upon the trial of the case the evidence established that on the nineteenth day of July, 1897, M. H. Williams, the owner of a law library, executed a chattel mortgage on an undivided one-half interest therein to M. Wormser to secure a note of that date executed by himself and one J. C. Kellam for $836, payable to Wormser on July 1, 1898. About the same time he mortgaged the other undivided half of the same library to one W. T. Smith. The date of the Smith mortgage, with the amount secured by it, does not appear in the record. On the 25th of April, 1898, Wormser died; and on the 9th of May, 1898, Charles Goldman was appointed administrator of the Wormser estate, and the mortgage and note from Williams to Wormser came into the hands of Goldman as such administrator. Some time after the death of Wormser, Williams died, and it does not appear that there has been any administration of his estate. After the death of Wormser, the library upon which the two mortgages mentioned had been given was found in the possession of Judge J. H. Kibbey, who was holding such possession for Mrs. Frank Stewart Williams, as her attorney. While the books were in the possession of Judge Kibbey, acting as the attorney of Mrs. Williams, who claimed to own them, Jerry Millay proposed to buy the library. Millay was aware of the two mortgages. Mrs. Williams admitted the validity of the Smith mortgage, but disputed the Wormser mortgage,—whether denying the validity of the mortgage, or the amount of the indebtedness claimed thereunder, does not appear. In this situation, Millay proposed to buy from Mrs. Williams the library then in her possession, upon the release of the mortgages. Millay paid to Smith three hundred dollars in satisfaction of the Smith mort-

gage. The books were then delivered by Kibbey, as Mrs. Williams's agent, to Millay, upon his agreement to take possession of the undivided one half that had been mortgaged to Smith, and to hold joint possession with Mrs. Williams of the library until the determination of the controversy relating to the Wormser-Williams debt and mortgage, and to pay Mrs. Williams two dollars per month rental for the undivided one half thus in dispute until that time, and then to pay the three hundred dollars to whomsoever might be determined to be entitled to it. After this transaction, in February, 1900, while the books were in possession of Millay under this condition of affairs, Goldman brought this action. The case was tried to the court, and after the introduction of the evidence and the presentation of the argument, judgment was rendered that, the plaintiff having failed to prove the facts alleged in his complaint, he should take nothing by his suit, and that the defendant have his costs. From this judgment, and the denial of a motion for a new trial, the plaintiff appeals, and assigns as errors: 1. That the court erred in holding that a mortgagee of an undivided half interest in chattels, after default and condition broken, is not entitled to bring an action for partition of the mortgaged property; 2. That the court erred in holding that the mortgagee of chattels, after default and condition broken, is not the owner of the property, until there has been a foreclosure of the mortgage; 3. That the court erred in refusing to give judgment to the plaintiff for partition of the mortgaged property; 4. That the court erred in giving judgment for the defendant in the case.

The third assignment is the only one that need be taken under consideration on this appeal. An examination of the record does not disclose any ruling by the lower court on the questions presented in the first two assignments. It does not appear from an investigation of the record that these questions were determined by the lower court in its disposal of the case. The court simply decided that the plaintiff had failed to prove the facts alleged in his complaint, and therefore should take nothing by his suit. The allegation that the books were in the exclusive possession of the defendant Millay, and that plaintiff had applied to said Millay to be admitted to a joint use and possession, and had been refused, was not sustained by any evidence on the part of the plain-

tiff. The defendant established by undisputed evidence that he only held possession of the undivided one-half interest in the property that had been mortgaged to Smith, and that Mrs. Williams claimed title to and held possession of the undivided one-half interest claimed by the plaintiff, and that no demand to be admitted to joint use and possession of the property had been made by the plaintiff, or refused on his part. It appears from the record that the evidence thus far fully sustained the judgment. The allegation as to the title to the property has not yet been determined, but the showing made under the evidence differs very materially from the allegation in the complaint that part of the Wormser estate consisted of the property in question. In order to establish that allegation, it must be assumed by the court or proven by the plaintiff that Williams gave a valid mortgage on the property; that he defaulted in the payment of the debt, and the title passed to the mortgagee. There was a question raised as to the validity of the chattel mortgage as to third parties, but there does not appear to have been any ruling by the court upon that point, and the question is not presented here. The point that is decisive of this appeal is that while the complaint alleged that the undivided one half of the library constituted a part of the Wormser estate, and that Millay had exclusive possession thereof, the answer set up, and the evidence fully established, that Millay held possession of only one undivided one half, and that Mrs. Williams held possession of and claimed title to the undivided one half which was claimed by the plaintiff, and that Mrs. Williams, the real party in interest, was not made a party to the suit, and a judgment could not be given in plaintiff's favor without affecting her interests. The Revised Statutes provide, in paragraph 2394, that suits for partition shall be commenced in the same manner as other civil suits are commenced, and the several owners or claimants of the property shall be summoned as in other cases. In a suit for partition of property held by tenants in common, the interests of all the co-tenants in the subject-matter of the suit are so bound up together that their legal presence as parties defendant, if they have not joined in the petition, is an absolute necessity, without which the court cannot proceed. *Barney* v. *City of Baltimore*, 6 Wall. 284, 18 L. Ed. 825. This is put upon the

ground that no court can adjudicate directly upon a person's rights without the party being actually or constructively before the court. It was held in *Shields* v. *Barrow,* 17 How. 130, 15 L. Ed. 158, that "a circuit court can make no decree affecting the rights of an absent person, and can make no decree between the parties before it which so far involves or depends upon the rights of an absent person that complete and final justice cannot be done between the parties to the suit without affecting those rights." In this case the plaintiff has no right separable from and independent of the rights of Mrs. Williams, who has not been made a party to the suit. The possession of the undivided one half of the books claimed by the plaintiff could not be given without directly affecting or prejudicing her right of possession that she was then exercising, or determining the title she was claiming to the property in question. In order to enable the court to adjudicate the rights of the adverse claimants of the title and possession, it is necessary that both should be in court. Under these circumstances, there was no error in the court "refusing to give judgment to the plaintiff for partition of the mortgaged property." The judgment of the lower court is affirmed.

Sloan, J., and Davis, J., concur.