# SALVADOR LUGO TORRES

*v.*

# JOSÉ ANTONIO FERNANDEZ Y PEREZ ET AL.

Mayaguez, Law, No. 132.

1. A motion to dismiss a cause for lack of diverse citizenship and consequent want of jurisdiction may be sustained even after final judgment.

2. If the interests of the defendants in judgment are several, such a motion will be sustained only as to those over whom the court had no jurisdiction.

Opinion filed January 22, 1907.

*H. E. Smith, Esq.,* attorney for plaintiff.

*Messrs. Horton & Cornwell,* attorneys for defendants.

RODEY, Judge, delivered the following opinion:

This cause was tried some years ago in the Mayaguez section of this district, and a judgment was rendered in favor of the plaintiff against the three defendants for $1,200. The defendants appealed to the Supreme Court of the United States, but for some noncompliance with the rules of that court, the plaintiff secured a dismissal of the same without a trial on the merits, thus leaving the judgment in force here. Thereafter, plaintiff

Torres v. Fernandez y Perez.

called for and obtained execution, which the marshal was enforcing, when, on July 18, 1906, a motion was filed, praying that the execution be quashed and the judgment vacated because, as alleged, the court never had any jurisdiction in the premises, for the reason that plaintiff, being a citizen and resident of Porto Rico, and one of the defendants, Rodolfo Ramirez Vigo, being also a citizen and resident of Porto Rico, it appeared that that there are Porto Ricans on both sides of the case, which would oust the jurisdiction under the ruling in the case of Vallecillo y Mandry v. Bertran, heretofore decided, ante, p. 46.

We have examined the briefs of the respective counsel in support of and in opposition to the motion, and have become satisfied that the court was without power to render any judgment in the premises against defendant Rodolfo Ramirez Vigo, and therefore the execution will be quashed as to him and the judgment against him vacated, but it will be permitted to stand and be enforced as against the other two defendants.

An inspection of the record convinces the court that the interests are several, and that if the cause had been dismissed as to the defendant Rodolfo Ramirez Vigo before judgment, the court would not have been ousted of jurisdiction, because the other two defendants are citizens of Spain. And if the cause could have been dismissed as to this one defendant before judgment, we can see no reason why the same cannot be done now, even after judgment, as the court still has control of the record. We think there can be no question of the power of the court in this regard. See Horn v. Lockhart, 17 Wall. 570, 21 L. ed. 657; Cameron v. M'Roberts, 3 Wheat. 591, 4 L. ed. 467; Mallow v. Hinde, 12 Wheat. 193, 6 L. ed. 599; Shields v. Barrow, 17 How. 130, 15 L. ed. 158; Barney v. Baltimore, 6 Wall. 280, 18 L. ed. 825; Breedlove v. Nicolet, 7 Pet. 431, 8 L. ed. 738;

Torres v. Fernandez y Perez.

Vattier v. Hinde, 7 Pet. 252, 8 L. ed. 676; and see also, § 136, Freeman on Judgments, and Ash v. McCabe, 21 Ohio St. 181. The clerk will therefore enter orders in accordance herewith.