### BLOEDE v. VAN DYKE et al.

(District Court, D. Maryland. April 6, 1915.)

REMOVAL OF CAUSES ☜=52—SEPARABLE CONTROVERSIES—SUITS FOR PARTITION.

In a suit for the sale of a franchise from a city for distribution of the proceeds among the owners thereof, no separable controversy which could be removed to a federal court existed between plaintiff and certain nonresident defendants, it being the settled law of Maryland that there can be no partition which will not in its result vest in each person a sole estate in a specific part of the property, and that no sale for the purposes of partition can be decreed unless a decree for partition could be properly passed, if the property were susceptible of partition in kind without loss or injury.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 102, 103, 105; Dec. Dig. ☜=52.]

In Equity. Bill by Victor G. Bloede against John W. Van Dyke and others. On motion to remand to the state court. Motion granted.

Robert Biggs, of Baltimore, Md., for plaintiff.

Joseph R. Gunther, of Baltimore, Md., for defendants Van Dyke, Burr, and Tome.

Edward C. Carrington, Jr., of Baltimore, Md., for defendant Fentress

ROSE, District Judge. In this cause the bill alleges that the plaintiff is the owner of an undivided one-fourth in a franchise granted by the mayor and city council of Baltimore; that the defendant Fentress owns another undivided one-quarter, which has, however, been assigned to the defendant Tome as collateral security for some indebtedness due by Fentress to Tome; that the remaining one-half interest belongs to the defendant Van Dyke, though at various times the defendant Burr has claimed some right, title, or interest in such one-half. Of the nature of such claim plaintiff professes himself ignorant. The bill says that the franchise is not susceptible of partition in kind, and asks that it be sold and the proceeds distributed among the parties in interest.

The plaintiff and the defendants Tome and Fentress are citizens of Maryland. The defendants Van Dyke and Burr are citizens of Pennsylvania. In due season and in proper form the defendants Van Dyke and Burr asked to have the case removed to this court, on the ground that they were citizens of Pennsylvania, the plaintiff a citizen of Maryland, and that the controversy between the plaintiff and themselves is a separate and distinct one from that between the plaintiff and the other defendants, which controversy can be fully determined as between

the plaintiff and the removing defendants. The petition makes no other specification of the way in which the controversy to which the petitioners are parties is supposed to be separable, and none was suggested at the argument at this bar. The petition to remove was granted by the state court, whereupon the plaintiff here moved to remand. The motion must be granted.

Under the settled law of Maryland, there can be no partition which will not in its result vest in each person a sole estate in a specific part of the property, and no sale for the purposes of partition can be decreed unless a decree for partition could be properly passed, if the property were susceptible of partition in kind without loss or injury. Dugan v. Mayor and City Council of Baltimore, 70 Md. 1, 16 Atl. 501. The Supreme Court of the United States still earlier determined that all part owners of or tenants in common in real estate of which partition is asked in equity are indispensable parties. Barney v. Baltimore City, 6 Wall. 280, 18 L. Ed. 825.