EDWIN G. ANGELL, Executor, etc. et al., Respondents, v. WALTER E. LAWTON, Impleaded, etc., Appellant.

Where one of the associates in a joint enterprise is a non-resident, he is not a necessary party to an action brought by another of the associates, for an accounting and for contribution for losses and expenditures paid by him.

And, so, where a non-resident associate has died, leaving no property in this State which would authorize the appointment of personal representatives here, and his personal representatives are not within the jurisdiction of the court, they are not necessary parties to the action.

(Argued March 19, 1879; decided April 1, 1879.)

Statement of case.

APPEAL by defendant Lawton from an order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term granting leave to the plaintiffs to serve a supplemental summons and complaint, and to proceed in the action, omitting the name of Samuel F. Butterworth as defendant. (Reported below, 14 Hun, 70.)

The original complaint in this action alleged, in substance, that William G. Angell, the testator of plaintiff, Edwin G. Angell, and the other parties entered into a joint enterprise for the purchase, upon speculation, of certain mining stocks ; that the enterprise resulted in a loss, and asked for an accounting between the parties as to expenditures, and in respect to the dealings of the parties relating to the joint adventure, and for a contribution by defendants toward payments made by said testator and plaintiff Arnold in excess of their share. It appeared that said Butterfield died after service of summons upon him, and after his appearance in the action. He resided in California at the time of his death. He left a will, which was admitted to probate in California, where the executors resided.

*John S. Woodward*, for appellant. The legal representatives of Samuel F, Butterworth were necessary parties to this action. *Long* v. *Yonge*, 2 Sim., 369; *Cockburn* v. *Thompson*, 16 Ves., 321; *Davis* v. *Fisk*, Farren on Ins., 128; *Richardson* v. *Hastings*, 7 Beav., 323; *MacMahon* v. *Upton*, 2 Sim., 473; *Hills* v *Nash*, 10 Jur., 148; *Bailey* v. *Inglee*, 2 Paige, 278; *Waird* v. *Arredondo*, 1 Paine's C. C. R., 410; *Wendell* v. *Rensselaer*, 1 J. Ch., 349; *Wiser* v. *Blackley*, 1 id., 437;. 1 Wash. C. C. R., 517; Story Eq. Pl., §§ 138, 139, 214, 221, 228; Milford's Eq. Pl., 179, 180; *Hubbard* v. *Eames*, 22 Barb., 601; *Brownson* v. *Gifford*, 8 How., 389; Barbour on Parties, 333; Code of Pro., § 135; *Dart* v *Palmer*, 1 Barb. Ch., 92.)

*Charles H. Tweed*, for respondents. Plaintiffs · were entitled to proceed in this action, omitting name of Butter-

worth as a defendant therein. (Barbour on Parties, 523; Dicey on Parties, 232; Story Eq. Pl., § 78; *Cockburn* v. *Thompson*, 16 Ves., 325; *Darwent* v. *Walton*, 2 Atk., 510; *Towle* v. *Pierce*, 12 Metc., 329; *Milligan* v. *Milledge*, 3 Cranch., 220; *Wood* v. *Doumraer*, 3 Mass., 317; *Wendell* v. *Van Rensselaer*, 1 J. Ch., 349; *Adair* v. *New River Co.*, 11 Ves., 429; *Wiser* v. *Blachly*, 1 J. Ch., 437.)

MILLER, J. The principal objection urged against the order of the Special Term is that Butterworth was a necessary party to the complete determination of the case ; and as his death could not change the position of things on that question, his legal representatives were equally necessary parties. Numerous authorities are cited to sustain the doctrine that, as a general rule, all the shareholders of a company are necessary parties for the purpose of closing up its affairs.

While this position may be conceded, the rule in question is not without exception, and the adjudicated cases show that a party not residing within the jurisdiction of the court is not necessarily a party to the suit; and the general rule may be dispensed with as to persons out of its jurisdiction.

In the present case, there is strong reason for the application of the exception stated, as no way is pointed out of obtaining the appointment of personal representatives of Butterworth's estate in this State. It is at least questionable whether the provisions of the Code, as to publication, in case of non-resident parties, apply to the representatives of the deceased, who reside outside of the State. Section 452 of the Code, as to the determination of a controversy by the bringing in of other parties by the direction of the court, cannot be invoked to aid the defendant, for the reason that the controversy can be disposed of, without the representatives of Butterworth. If anything belongs to Butterworth's estate to pay the plaintiffs, it cannot be charged to the other defendants ; and if the plaintiffs seek to hold such estate, they must proceed against the representatives of the estate and recover it, independently of this suit.

The defendants are not injured, therefore, by leaving out the representatives of Butterworth; and as there are difficulties in the way of bringing in Butterworth's representatives, and he was not a resident, the general rule applicable to cases of parties out of the State should be held to apply. The danger of loss or of future litigation or inconvenience to the defendant is not so great as to compel the plaintiff to seek some method for making Butterworth's representatives parties.

The opinion of the General Term, with which we concur, essentially covers the questions discussed.

As the order was within the discretion of the court, the appeal must be dismissed, with costs.

All concur.

Appeal dismissed.