## BOGART, AS EXECUTOR OF LAWRENCE, *v.* SOUTHERN PACIFIC COMPANY.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

No. 165.   Argued March 5, 1913.—Decided April 7, 1913.

The question intended to be brought to this court by direct appeal under § 5 of the Circuit Court of Appeals Act is the jurisdiction of the Circuit Court as a Federal court; questions of general jurisdiction applicable as well to state as to Federal tribunals are not included in such review.

The question cannot be brought into the record by certificate if not really presented, and whether so presented or not this court will determine for itself. *Darnell* v. *Illinois Cent. R. R. Co.,* 225 U. S. 243.

Neither § 737, Rev. Stat., nor Equity Rule 47 defines what an indispensable party to an action is, but each simply formulates principles already controlling in courts both state and Federal; a decision dismissing a case removed from the state court because of the absence of an indispensable party rests on the broad principles of general law in that respect, and a direct appeal does not lie under § 5 of the act of 1891.

Where the Circuit Court dismisses a case removed from the state court for want of an indispensable party the question is not one of jurisdiction of the Federal court as such, and this court cannot, in a direct appeal under § 5 of the Circuit Court of Appeals Act, answer a question embodied in a certificate as to whether under such circumstances the case should be remanded to the state court.

THE facts, which involve the jurisdiction of this court of direct appeals under § 5 of the Circuit Court of Appeals Act of 1891, are stated in the opinion.

*Mr. H. Snowden Marshall,* with whom *Mr. James A. O'Gorman, Mr. A. J. Dittenhoefer* and *Mr. David Gerber* were on the brief, for appellants:

As to the jurisdiction of this court on direct appeal: The jurisdiction of the court was in issue in the Circuit Court, so that the appeal was properly taken directly to this court.

In view of the certificate of the court below and the plain facts in the case, it would seem to be unnecessary to argue this question at length.

The court below construed, adversely to its jurisdiction, a Federal statute passed manifestly for the purpose of extending the jurisdiction of the Federal courts. The court also assumed that there existed in the Federal court a jurisdiction to deny a motion to remand and dismiss a case which could be tried in the state court.

The recitals by the court below that the case was decided on jurisdictional grounds should be controlling. *In re Lehigh Mining Co.,* 156 U. S. 322; *Scully* v. *Bird,* 209 U. S. 481.

As the court below decided the cause on the ground of jurisdiction, the appeal was properly taken directly to this court.  Section 5, act of March 3, 1891, 26 Stat. 827; *Chicago Board of Trade* v. *Hammond Elevator Co.,* 198 U. S. 424; *Sheppard* v. *Adams,* 168 U. S. 618; *Kendall* v. *San Juan Mining Co.,* 144 U. S. 658; *Nashua Railway Co.* v. *B. & L. Railway,* 136 U. S. 336; see also *Wetmore* v. *Rymer,* 169 U. S. 115.

There was never any doubt in the court below, either in the minds of counsel or in the mind of the judge who decided the case, that the only jurisdictional question that was in issue was that of the jurisdiction of the Circuit Court as a Federal court.  The bill was not dismissed for lack of equity or any of the other reasons given in the cases cited by the appellees where this court dismissed the appeals because they did not involve the jurisdiction of the court below as a Federal court.

This court, in case the certificate and other parts of the record are contradictory, can examine the opinion to find out whether the court below dismissed the bill for lack of jurisdiction.  *Courtney* v. *Pradt,* 196 U. S. 89; *Loeb* v. *Columbia Township,* 179 U. S. 472.

*Mr. Arthur H. Van Brunt* for appellees:

On the question of jurisdiction: In appeals or writs of error from the District or Circuit Courts direct to this court under § 5 of the act of March 3, 1891, in cases in which the jurisdiction of the court below is in issue, the only question which can properly be certified to this court is that of the jurisdiction of the court below as a Federal court.

The question of jurisdiction alone can be certified.

In appeals direct from the District and Circuit Courts, under the provision of the statute involved in the present case, only the question of jurisdiction can be considered. *Schunk* v. *Moline &c. Co.,* 147 U. S. 500, 503; *Passavant*

v. *United States*, 148 U. S. 214, 217; *Greeley* v. *Lowe*, 155 U. S. 58, 76; *Mex. Cent. Ry. Co.* v. *Eckman*, 187 U. S. 429, 432; *O'Neal* v. *United States*, 190 U. S. 36; *Venner* v. *G. Nor. Ry. Co.*, 209 U. S. 24, 30, 31; *Scully* v. *Bird*, 209 U. S. 481, 485.

The question of jurisdiction referred to in the act of 1891 is that of the jurisdiction of the District and Circuit Courts as Federal courts and not of their general jurisdiction as judicial tribunals. *Smith* v. *McKay*, 161 U. S. 355; *Blythe* v. *Hinckley*, 173 U. S. 501; *Ill. Cent. R. R. Co.* v. *Adams*, 180 U. S. 28, 34; *Mex. Cent. Ry. Co.* v. *Eckman*, 187 U. S. 429; *Louisville Trust Co.* v. *Knott*, 191 U. S. 225; *Bache* v. *Hunt*, 193 U. S. 523; *Courtney* v. *Pradt*, 196 U. S. 89; *Board of Trade* v. *Hammond Elevator Co.*, 198 U. S. 424; *United States* v. *Larkin*, 208 U. S. 333; *Bien* v. *Robinson*, 208 U. S. 423; *Scully* v. *Bird*, 209 U. S. 481; *Steamship Jefferson*, 215 U. S. 131; *Davis* v. *Cleveland Ry. Co.*, 217 U. S. 157; *Fore River Shipbuilding Co.* v. *Hagg*, 219 U. S. 175; *Darnell* v. *Illinois Central R. R. Co.*, 225 U. S. 243.

Where the necessary elements of Federal jurisdiction exist, the jurisdiction of the court attaches, and an exercise of that jurisdiction, as by a dismissal of the bill, does not involve any question of Federal jurisdiction which can be reviewed by this court under the act of March 3, 1891. Cases *supra* and *Smith* v. *McKay*, 161 U. S. 355; *Blythe* v. *Hinckley*, 173 U. S. 501; *Denver Bank* v. *Klug*, 186 U. S. 202; *Schweer* v. *Brown*, 195 U. S. 171; *Lucius* v. *Cawthon-Coleman Co.*, 196 U. S. 149; *Kansas City &c. R. R. Co.* v. *Zimmerman*, 210 U. S. 336; *United States* v. *Congress Construction Co.*, 222 U. S. 199, 201.

The certificate of the Circuit Court in the present case improperly certifies to this court for decision questions other than that of jurisdiction, and does not certify the question of the jurisdiction of the Circuit Court as a Federal court.

The power to certify other than jurisdictional questions is vested only in the Circuit Courts of Appeal. *Arkansas v. Schlierholz,* 179 U. S. 598, 601.

The question of the jurisdiction of the Circuit Court as a Federal court is not certified.

This court is not concluded by the certificate of the court below, but will dismiss the appeal if it appears that the question of the jurisdiction of the court below as a Federal court is not in issue. *Nichols Lumber Co.* v. *Franson,* 203 U. S. 278; *Darnell* v. *Illinois Central R. R. Co.,* 225 U. S. 243.

The jurisdiction of the Circuit Court as a Federal court is not in issue in the present case.

*Mr. Tompkins McIlvaine* filed a brief for appellee, Metropolitan Trust Company of New York.

MR. JUSTICE DAY delivered the opinion of the court.

This is a direct appeal from a decree of the United States Circuit Court for the Eastern District of New York upon the ground that the jurisdiction of the Circuit Court is in issue under § 5 of the Circuit Court of Appeals Act (March 3, 1891, 26 Stat. 826, c. 517), and a certificate to that effect has been sent to this court.

The suit was originally brought in the New York Supreme Court for the County of Queens by Walter B. Lawrence, who has since died and for whom the appellants have been substituted, against the Southern Pacific Company, Frederick P. Olcott, Central Trust Company of New York, Farmers' Loan & Trust Company, Metropolitan Trust Company of the City of New York, The Houston & Texas Central Railroad Company (which we will call the "Railroad Company") and The Houston & Texas Central Railway Company (which we will call the "Railway Company"). Upon the petition of the

Southern Pacific Company, Olcott and the Railroad Company, the case was removed to the United States Circuit Court. Lawrence alleged in his complaint that he was a stockholder of the Railway Company, of which the Southern Pacific Company owned a majority of the stock; that the Railway Company became involved in various foreclosure suits, to which it set up certain defenses claimed by Lawrence to be valid and sufficient; that the Southern Pacific Company entered into a certain reorganization agreement, whereby, in consideration of the withdrawal of the defenses, which was procured by the Southern Pacific Company, the mortgages were foreclosed and all the property of the Railway Company bought in by defendant Olcott, who transferred the lines of railroad, rolling stock, etc., to the defendant Railroad Company, organized pursuant to the agreement; that new bonds were issued by the Railroad Company to retire the old bonds and the lands of the Railway Company purchased by Olcott were conveyed to the three Trust Companies under the new mortgages, defendants herein, as further security for the bonds; and that under the plan the Southern Pacific was given more favorable terms than the minority stockholders in the matter of receiving the benefits of the reorganization agreement, and that consequently all the stock of the Railroad Company was taken over by the Southern Pacific Company. Lawrence prayed that the Southern Pacific Company be decreed trustee of all benefits received under the plan and for an accounting, and prayed that the Trust Companies convey the surplus arising from the sale of land, after the bonds have been liquidated, to the Railway Company, and for certain other relief.

After the removal of the case to the Circuit Court, a motion was made to remand to the state court, which was overruled. Thereafter the defendants the Southern Pacific Company, Olcott and the Railroad Company filed

a plea in which it was set up that the Railway Company was a necessary and indispensable party to the suit; that it was beyond the jurisdiction of the court and could not be brought in by process, and without its presence no decree could be rendered in the case, and therefore prayed that the bill be dismissed. Special pleas were filed by the Central Trust Company of New York, the Farmers' Loan & Trust Company and the Metropolitan Trust Company of the City of New York.

Thereafter another motion to remand was made. This motion was based upon the ground that the Circuit Court could not get jurisdiction over the Railway Company, but that the state court from which it was removed could acquire jurisdiction over all the parties. This motion was also denied by the court.

The pleas to the jurisdiction were heard upon an agreed statement of facts, from which it appears that the Railway Company was incorporated under a special act of the State of Texas, which contained no limitation upon its corporate existence, and prior to 1885 had operated certain railroads in Texas; that the Railway Company's property was sold under the foreclosure decree for seven million dollars less than the amount decreed to be due and that the deficit was unpaid and uncollectible; that the reorganization had been accomplished; that since the foreclosure sale the Railway Company has owned no property and has had no place of business in the State of New York; that no meeting of the stockholders or directors has been held since 1890, and that while there are three surviving directors, none of them visit the State of New York upon the company's business. The Circuit Court held that the Railway Company was an indispensable party to the suit and, unless it could be served with process within five days from the date of entering the order, a final decree should be entered dismissing the bill, which was thereafter done.

The Circuit Court made a certificate upon which to bring the case here containing the following questions:

"1. Whether the Circuit Court had jurisdiction to proceed with the cause, and whether the Circuit Court had jurisdiction of the cause of action.

"2. Whether the Houston & Texas Central Railway Company was an indispensable party to the action.

"3. Whether if the Houston & Texas Central Railway Company was an indispensable party to the action and would not appear therein and could not be served with process within the jurisdiction of the court, the court thereby lost jurisdiction of the cause of action so that it should dismiss the bill.

"4. Whether if the Houston & Texas Central Railway Company was an indispensable party and would not appear and could not be served with process within the jurisdiction of this court, the cause should have been remanded to the State court, from whence it was removed."

Appeals may be taken directly to this court from the Circuit Court under § 5 of the Circuit Court of Appeals Act in any case in which the jurisdiction of the Circuit Court is in issue, and it is provided that in such cases the question of jurisdiction alone shall be certified to this court for decision. The question intended to be thus brought to this court by direct appeal is well settled to be the jurisdiction of the court as a Federal court. Questions of general jurisdiction applicable as well to state as Federal tribunals are not included in such review. *Louisville Trust Co.* v. *Knott*, 191 U. S. 225; *Courtney* v. *Pradt*, 196 U. S. 89; *Fore River Shipbuilding Co.* v. *Hagg*, 219 U. S. 175.

The question cannot be brought into the record by certificate if not really presented, and whether so presented this court will determine for itself. *Darnell* v. *Illinois Central R. R. Co.*, 225 U. S. 243.

The question to be decided is whether the case was dis-

missed for the want of jurisdiction in the Circuit Court as
a Federal court, for if it be found that the case was dis-
missed because of the decision of a question not peculiar
to the Federal jurisdiction and involving only a general
question of procedure in equity, this court need not con-
sider it.  From what has been stated it is apparent that
the case was duly removed because of diverse citizenship,
and what was done afterwards was in pursuance of the
jurisdiction thus acquired.  The defendants, the Southern
Pacific Company, Olcott and the Railroad Company, by
plea claimed that the cause should not proceed because
the Railway Company was an indispensable party to the
suit.  This, it is contended, presented a question of the
jurisdiction of the court as a Federal court, and the dis-
missal of the suit was the denial of such jurisdiction.

Section 737 of the Revised Statutes provides:

"When there are several defendants in any suit at law
or in equity, and one or more of them are neither inhab-
itants of nor found within the district in which the suit
is brought, and do not voluntarily appear, the court may
entertain jurisdiction, and proceed to the trial and ad-
judication of the suit between the parties who are properly
before it; but the judgment or decree rendered therein
shall not conclude or prejudice other parties not regularly
served with process nor voluntarily appearing to answer;
and non-joinder of parties who are not inhabitants of
nor found within the district, as aforesaid, shall not con-
stitute matter of abatement or objection to the suit."

Equity Rule 47 (210 U. S. 508, 523) is to the same
effect:

"In all cases where it shall appear to the court that
persons, who might otherwise be deemed necessary or
proper parties to the suit, cannot be made parties by reason
of their being out of the jurisdiction of the court, or in-
capable otherwise of being made parties, or because their
joinder would oust the jurisdiction of the court as to the

parties before the court, the court may, in their discretion, proceed in the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties."

While the statute and rule just quoted, to the extent to which they go, are, of course, controlling, neither the rule nor the statute undertakes to define what is an indispensable party, but each merely undertakes to formulate principles already controlling in courts of equity and applicable as well to other courts as to those of Federal origin. The statute was originally passed February 28, 1839, c. 33, 5 Stat. 321, and Rule 47 of equity practice as adopted by this court is only a declaration of the effect of the act of Congress. The statute and rule came before this court in *Shields* v. *Barrow*, 17 How. 130, and, speaking of them, Mr. Justice Curtis, delivering the opinion of the court, said (p. 141):

"The act says it shall be lawful for the court to entertain jurisdiction; but, as is observed by this court in *Mallow* v. *Hinde*, 12 Wheat. 198, when speaking of a case where an indispensable party was not before the court, 'we do not put this case upon the ground of jurisdiction, but upon a much broader ground, which must equally apply to all courts of equity, whatever may be their structure as to jurisdiction; we put it on the ground that no court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court.'

"So that, while this act removed any difficulty as to jurisdiction, between competent parties, regularly served with process, it does not attempt to displace that principle of jurisprudence on which the court rested the case last mentioned. And the 47th rule is only a declaration, for the government of practitioners and courts, of the effect of this act of congress, and of the previous decisions of the court, on the subject of that rule. *Hagan* v. *Walker*, 14

How. 36. It remains true, notwithstanding the act of congress and the 47th rule, that a circuit court can make no decree affecting the rights of an absent person, and can make no decree between the parties before it, which so far involves or depends upon the rights of an absent person, that complete and final justice cannot be done between the parties to the suit without affecting those rights. To use the language of this court in *Elmendorf* v. *Taylor*, 10 Wheat. 167: 'If the case may be completely decided, as between the litigant parties, the circumstance that an interest exists in some other person, whom the process of the court cannot reach,—as if such party be a resident of another State,—ought not to prevent a decree upon its merits.' But if the case cannot be thus completely decided, the court should make no decree."

In other words, it was declared by this court that the rule as to indispensable parties, without which the court could not proceed to a decree, is equally applicable to all courts of equity, whatever may be their structure as to jurisdiction, and rests upon the broad principle that no court can adjudicate directly upon a person's rights unless such person is actually or constructively before the court.

What the court really did in the present case was, first to entertain jurisdiction of the suit upon the removal, and then, applying the general principle that a suit cannot be proceeded with in the absence of an indispensable party, to dismiss it because the Railway Company was an indispensable party to the present suit and had not been served and had not appeared or waived service, as would have been the requirement in any court of equity reaching the same conclusion.

Nor does the decision embodied in the fourth paragraph of the certificate and shown in the decision of the court make a question of jurisdiction of the court as a Federal court. As therein embraced the decision was that the cause should be dismissed for want of jurisdiction and not

that it should be remanded to the state court. This decision was to the effect that the court, having reached the conclusion, in the exercise of jurisdiction, that an indispensable party was not upon the record, ordered a dismissal of the action. This did not involve a decision of the jurisdiction of the court as a Federal tribunal.

We therefore are of the opinion that in no aspect in which the jurisdictional question was presented to this court is it reviewable by a direct appeal to this court from the Circuit Court.

*The present appeal is therefore dismissed.*