NELSON v. HEBERT et al.

(Circuit Court of Appeals, Fifth Circuit. January 15, 1924.)

No. 4090.

1. **Courts ⊂⇒405(5)—Dismissal of suit for failure to join necessary party not a dismissal for lack of federal jurisdiction.**

Where complainant had leased the right to trap fur-bearing animals to another and the federal District Court dismissed his bill of complaint, seeking to enjoin other trappers from trespassing on the land, on the theory that complainant's lessee was an indispensable party, the dismissal was on the merits and not for lack of federal jurisdiction; hence a contention that under Judicial Code, §§ 128, 238 (Comp. St. §§ 1120, 1215), the question of jurisdiction should have been certified to the Supreme Court from the District Court, was without merit.

2. **Injunction ⊂⇒114(1)—Lessee of trapping privilege not indispensable party to lessor's suit for injunction against other trappers.**

Where complainant had leased the right to trap fur-bearing animals to another, his lessee was not an indispensable party to a suit to enjoin other trappers from trapping on the land, in view of Civ. Code La. arts. 2692, 2703, 2704.

3. **Equity ⊂⇒117—Cause cannot proceed in absence of indispensable party.**

The joinder of one who is only a proper party, or even a necessary party, as distinguished from an indispensable party, is not required; but the cause cannot go forward in the absence of an indispensable party.

4. **Judgment ⊂⇒684—Decree against lessor not binding on lessee.**

Where lessor of trapping rights brought a suit in the federal court based on diverse citizenship to enjoin other trappers from trespassing on the premises, and, as lessee and defendants were citizens of the same state, lessee was not made a party, under Equity Rule 39 a decree against lessor would not be binding on lessee.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

---

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit by Frank G. Nelson against Natillio Hebert and others. From a decree dismissing the bill of complaint without prejudice, complainant appeals. Reversed, and cause remanded for further proceedings.

R. E. Milling and R. E. Milling, Jr., both of New Orleans, La. (Milling, Godchaux, Saal & Milling, of New Orleans, La., on the brief), for appellant.

Delvaille H. Theard and Walter J. Suthon, Jr., both of New Orleans, La., for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from a decree of the District Court for the Eastern District of Louisiana, dismissing the bill of complaint without prejudice. The bill was filed by the appellant to enjoin repeated trespasses by those engaged in trapping fur-bearing animals on lands of the appellant in the parish of Terrebonne, La. The appellees claimed no interest in the lands, but claimed the right to trap as a natural right. The bill of complaint alleged that the appellant had leased the trapping privileges in the lands to S. J. Achee, Jr., for a period of five years from May, 1922, for an annual rental of $3,600, and that he was in possession under the lease. The appellant amended his bill of complaint, and the appellees moved to dismiss the bill, as amended, upon the grounds: (1) That the appellant had no interest in the controversy; (2) that S. J. Achee, Jr., the lessee, was an indispensable party, and was not joined; and (3) that the appellant was a mere nominal party, and the suit was collusively filed by him to protect the interest of his tenant Achee. The decree of the court shows that the bill was dismissed, because the court deemed Achee to be an indispensable party to it.

[1] Appellees have submitted a motion to dismiss the appeal upon the ground that the jurisdiction of the District Court, as a federal court, was in issue, and the question of jurisdiction should have been certified to the Supreme Court from the District Court for decision. Judicial Code, §§ 128 and 238 (Comp. St. §§ 1120, 1215). We do not think the jurisdiction of the District Court was in issue in the decision of the District Court upon the motion to dismiss the bill. On the face of the bill, there appeared to be the requisite diversity of citizenship, and the jurisdictional amount was alleged to be involved. If Achee had been made a party, jurisdiction would have thereby been ousted; but he was not. The question was whether the suit could be maintained as a suit in equity, in his absence. The bill, as amended, showed on its face that appellant had a reversionary interest in the lands, and also retained, during the period of the lease, possession of the lands, subject to the possession of the tenant, so far, and so far only, as the tenant required possession, in order to utilize the trapping rights leased to him by appellant. This limited possession conferred on the tenant by the lease, not being exclusive, did not oust the appellant from his possession, except so far as was essential to the enjoyment of the trapping privileges leased to Achee. The bill, on its face, showed an interest in the appellant to maintain the suit

in his own behalf, and this also disposes of the objection that it was collusively brought by the landlord. The District Court found that the appellant had an interest in the litigation, on his own account, and that the suit was not collusively instituted in the interest of his tenant. The bill was therefore dismissed, not for lack of jurisdiction in the District Court, as a federal court, but because it lacked an indispensable party; and so the dismissal was on the merits and not for lack of federal jurisdiction. Bogart, as Executor, v. Southern Pacific Co., 228 U. S. 137, 33 Sup. Ct. 497, 57 L. Ed. 768. The motion to dismiss the appeal is denied.

[2, 3] Upon the dismissal of the bill upon the merits, the only question for decision is whether Achee was an indispensable party to the bill. While not averred, it was conceded on the hearing that Achee was a citizen of Louisiana and that his presence in the litigation and on the same side of it as appellant would have ousted the jurisdiction of the District Court by taking away the diversity of citizenship, essential to its jurisdiction. If Achee was only a proper party or even a necessary party, as distinguished from an indispensable party, his joinder was not required. If he was an indispensable party, the cause could not go forward in his absence. Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825. Equity Rule 39 provides that—

"In all cases where it shall appear to the court that persons, who might otherwise be deemed proper parties to the suit, cannot be made parties by reason of their being out of the jurisdiction of the court, or incapable otherwise of being made parties, or because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may, in its discretion, proceed in such causes without making such persons parties; and in such cases the decrees shall be without prejudice to the rights of the absent parties."

In Shields v. Barrow, 17 How. 130, 15 L. Ed. 158, the Supreme Court described indispensable parties as "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

[4] In this case, appellant had interests in three ways: As reversioner, as landlord in partial present possession, and under his obligation to protect the possession he had conferred upon his tenant and guaranteed by his lease. In his capacity as reversioner and that of landlord in partial retained possession, the tenant Achee was neither a proper nor an indispensable party, and the District Court held the bill to be maintainable by appellant in those capacities. Even in appellant's capacity as guarantor of the peaceable possession of his tenant under the covenant of his lease, and under the Civil Code of Louisiana (articles 2692 and 2703 and 2704), the tenant, while a proper, would not be an indispensable, party. Although in privity of title with his landlord, the decree against his landlord would not be binding upon him, if he was not a party to the litigation, and if his being a party to the suit would have ousted the jurisdiction of the District Court; for by the terms of Equity Rule 39 the decree, in such a situation, is declared to be without prejudice to the absent party. A de-

cree enjoining the trespassers would have been in the interest of the tenant as well as in that of the landlord, and a decree dismissing the bill on its merits would have left the tenant free to pursue his remedy for injunctive relief, in his own name, in the state court.

Upon the facts set out in the bill and its amendments, we think Achee was not an indispensable party, and that the bill should not have been dismissed, because of his absence from it. .

' The decree of the District Court dismissing the bill is reversed, and the cause remanded for further proceedings in conformity with this opinion.