## KNICKERBOCKER ICE CO. v. HOFSTATTER et al.

Circuit Court of Appeals, Second Circuit.
April 15, 1929.

No. 205.

Dunnington, Walker & Gregg, of New York City (Allan R. Campbell, of White Plains, N. Y., and Herbert Plaut, of New York City, of counsel), for appellant.

J. Du Pratt White, of New York City (White & Case, of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). ▮ The trial court was right in denying the motion to dismiss for want of jurisdiction. Rabenold was not a vendee. What is said concerning a vendee in New Mexico v. Lane, 243 U. S. 52–58, 37 S. Ct. 348, 61 L. Ed. 588, does not apply here. At most, Rabenold was only a prospective

vendee, who was affected by this suit only in that its decision might influence his decision to buy or not to buy. This action involves what rights Rabenold may be able to get from the plaintiff, rather than any he has now, except those of a tenant at will. It is not enough to require his joinder that he may be a proper party, or even what is known as a necessary party. Nelson v. Hebert (C. C. A.) 296 F. 445. He must be an indispensable party. Cameron v. M'Roberts, 3 Wheat. 591, 4 L. Ed. 467; Mallow et al. v. Hinde, 12 Wheat. 194–197, 6 L. Ed. 599; Shields et al. v. Barrow, 17 How. 130, 15 L. Ed. 158.

On the second ground of the motion we need only notice that the jurisdictional amount was alleged, and not attacked by the pleadings. A prima facie case for jurisdiction was thereby made out. Hill v. Walker (C. C. A.) 167 F. 241; Hunt v. New York Cotton Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821; Auto Acetylene Co. v. Prest-O-Lite Co. (C. C. A.) 276 F. 537. It was, nevertheless, the duty of the court to dismiss, with or without motion, if the evidence showed to a legal certainty that the amount in controversy was not sufficient. Wetmore v. Rymer, 169 U. S. 115–128, 18 S. Ct. 293, 42 L. Ed. 682, Put-In-Bay Waterworks Co. v. Ryan, 181 U. S. 409–431, 21 S. Ct. 709, 45 L. Ed. 927. But the evidence did not show it.

On the merits the plaintiff, with its conceded title in fee and proof of continuous possession by itself and its predecessors for upwards of 50 years, was entitled to protection against the threatened repeated invasion of its land, unless the defendants were clothed with superior public rights, gained by eminent domain or by prescription, and not lost since acquired.

In view of the New York statute to which attention will be called, it seems idle to consider whether the public ever had the easement claimed. It is, perhaps, enough to say that the evidence relied upon was not very strong. However that may be, this intended addition to the existing highway was never opened and worked, and no crossing by the public since 1894 was shown.

Section 234 of the Highway Law of New York (Consol. Laws, c. 25) provides in part as follows:.

"Sec. 234. *Highways abandoned.* Every highway that shall not have been opened and worked within six years from the time it shall have been dedicated to the use of the public, or laid out, shall cease to be a highway; * * * and every highway that shall not have been traveled or used as a highway for six years, shall cease to be a highway, and every public right of way that shall not have been used for said period shall be deemed abandoned as a right of way."

Under this statute, the claimed easement, whether acquired in one way or the other, if acquired at all, has been abandoned, and serves as no justification for the past and threatened acts of these defendants. It makes no difference in the application of the abandonment statute that the land trespassed upon lies adjacent to the public highway of 1845, and that its use to widen that road was once contemplated. In re City of New York, 164 App. Div. 839, 150 N. Y. S. 256. See, also, New York Cent. & Hudson River R. R. Co. v. City of Buffalo, 200 N. Y. 113–119, 93 N. E. 520.

We are not dealing with an encroachment upon a highway once opened and worked, as in Mangam v. Village of Sing Sing, 26 App. Div. 464, 50 N. Y. S. 647. Nor have we the situation which obtained in Walker v. Caywood, 31 N. Y. 51, where a highway was opened and worked for its full length, but not in all places for its full width. Here, at most, there was never more than an after-acquired easement in additional land beside an existing highway.

Decree reversed.