**AMERICAN FALLS RESERVOIR DIST. NO. 2 v. CRANDALL et al.**

No. 7906.

Circuit Court of Appeals, Ninth Circuit.

Sept. 28, 1936.

W. G. Bissell and Branch Bird, both of Gooding, Idaho, for appellant.

J. R. Bothwell, Harry Povey, R. P. Parry, and J. Paul Thoman, all of Twin Falls, Idaho, and Otto E. McCutcheon and Chase A. Clark, both of Idaho Falls, Idaho, for appellees Crandall et al.

J. A. Carver, U. S. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Attys., all of Boise, Idaho, and B. E. Stoutemyer, Dist. Counsel, Bureau of Reclamation of Portland, Or., for appellee Harold Ickes.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

In the opinion filed, the court fell into the error, as the parties did, of saying that in the absence of an indispensable party, the court was without jurisdiction to adjudicate the water rights of complainant. Equity Rule 39, 28 U.S.C.A. following section 723, and 28 U.S.C.A. § 111, removed any defect of jurisdiction, but the court cannot make a decree in the absence of such party. Shields v. Barrow, 58 U.S. (17 How.) 130, 141, 15 L.Ed. 158; Barney v. Baltimore, 73 U.S. (6 Wall.) 280, 285, 18 L.Ed. 825; California v. Southern Pac. R. Co., 157 U.S. 229, 250, 15 S.Ct. 591, 39 L.Ed. 683; Minnesota v.

Northern Securities Co., 184 U.S. 199, 236, 22 S.Ct. 308, 46 L.Ed. 499; Bogart v. Southern Pac. Co., 228 U.S. 137, 146, 33 S. Ct. 497, 57 L.Ed. 768.

In the petition for rehearing, it is asked that leave to amend be given appellants. In Fourth Nat. Bank v. New Orleans & C. R. Co., 78 U.S. (11 Wall.) 624, 631, 20 L.Ed. 82, it is said:

"It is, doubtless, the general rule that a bill in chancery will not be dismissed for want of proper parties; but the rule is not universally true. It rests upon the supposition that the fault may be remedied, and the necessary parties supplied. When this is impossible, and whenever a decree cannot be made without prejudice to one not a party, the bill must be dismissed. Nothing is to be gained by retaining it, when it is certain that the complainant can never be entitled to a decree in his favor."

It is alleged in the bill that "this suit is a suit in equity brought by a tenant in common or joint tenant for the partition of lands in a case where the United States is one of such tenants in common or joint tenants." Mention is made of the fact that suit might be brought including the United States as a party under 28 U.S.C.A. § 41, subds. (20) and (25). In view of the foregoing, we add that if the United States had been made a party, and we would otherwise have had jurisdiction of the suit, it appears that appellant has not, by dedication, acquired any right to the natural flow as claimed. In Vinyard v. North Side Canal Co., 38 Idaho, 73, 223 P. 1072, 1075, it is said concerning the constitutional provision (Const.Idaho, art. 15, § 4 quoted in our former opinion): "The gratuitous distribution of water does not constitute a dedication under this section. The word 'distributed' must be read in the light of the words 'sold' and 'rented' which precede it, and of the words 'upon payment therefor' which follow." Here, there is neither allegation nor proof that appellant has paid anything for the rights claimed to have been dedicated. The statute, when read in the light of the foregoing quotation, we believe must mean that appellant, under such circumstances, could acquire the rights claimed only upon payment, and there being no proof of such fact here, the decree of dismissal was properly entered.

In view of the foregoing, the last paragraph of the original opinion modifying the decree of the court below, and reading, "That said Bill of Complaint herein be,

and the same is hereby dismissed, without prejudice, and with costs to the defendant taxed at $143.60, for want of a necessary party; that the United States is a necessary party to this suit; that because the United States was not made a party to this suit, the court is *without jurisdiction* to adjudicate the water rights set up in the Bill of Complaint," is hereby modified to read as follows: "That said Bill of Complaint herein be, and the same is hereby dismissed, with costs to the defendant taxed at $143.-60, for want of a necessary party; that the United States is a necessary party to this suit; that because the United States was not made a party to this suit the Court cannot adjudicate the water rights set up in the Bill of Complaint."

As thus modified, the decree of dismissal is affirmed, and the petition for rehearing denied.