## CARROLL et al. v. NEW YORK LIFE INS. CO.

### No. 10849.

Circuit Court of Appeals, Eighth Circuit.

Feb. 3, 1938.

334

Raymond J. Lahey, of St. Louis, Mo. (Paul G. Ochterbeck, of St. Louis, Mo., on the brief), for appellants.

Vincent L. Boisaubin, of St. Louis, Mo. (James C. Jones and James C. Jones, Jr., both of St. Louis, Mo., Louis H. Cooke, of New York City, and Jones, Hocker, Gladney & Grand of St. Louis, Mo., on the brief), for appellee.

Before STONE, SANBORN, and WOODROUGH, Circuit Judges.

SANBORN, Circuit Judge.

From a decree canceling the reinstatement of a $15,000 policy of life insurance issued by the New York Life Insurance Company to John W. Rowan, effective March 20, 1924, and payable to "the executors, administrators or assigns of the insured, or to the duly designated beneficiary," this appeal has been taken by the executors of the insured's estate.

By the terms of the policy the insured had the right to change the beneficiary. The policy lapsed for nonpayment of the premium which fell due March 20, 1932. On April 23, 1932, the insured applied for the reinstatement of the policy and in his application made representations as to his insurability. The policy was reinstated. On May 23, 1933, the company notified the insured that it had learned that the representations contained in his application were false; that it elected to, and did, rescind the reinstatement; and that it had restored the status quo as of March 20, 1932.

On July 20, 1933, the insured sought to change the beneficiary to Marguerite Rowan, his wife. He executed a written form sufficient for that purpose, and sent it to the company with the policy. The company refused to endorse the change upon the policy, assigning as its reason therefor that the policy had lapsed and was no longer in force. It returned to the insured the policy and the request for change of beneficiary.

The insured died November 12, 1933, and thereafter his wife, Marguerite Rowan, and James E. Carroll became the executors of his estate. As such, on December 30, 1933, they executed proofs of death, in which they stated that they claimed this insurance as' executors of the insured's estate. The company denied liability, and on February 16, 1934, commenced this suit against the executors to cancel the reinstatement of the policy on the ground that the reinstatement had been fraudulently procured. Marguerite Rowan, as an individual, was not made a party to the suit. The executors, in their answer, denied that the reinstatement was fraudulently procured, denied that the policy was not in force at the time of the insured's death, and alleged that the insured had on July 20, 1933, changed the beneficiary and had made the policy payable to his wife, so that it was her individual property and not an asset of the estate, and that they were not proper parties to the suit.

Upon the trial there was evidence to the effect that, after the death of the insured, Marguerite Rowan claimed this policy to be her individual property and had a dispute with her co-executor about it; that the policy "was listed in the inventory of her husband's estate as being claimed by the New York Life Insurance Company to be an asset of the estate and being claimed by Mrs. Rowan as an asset of her individual estate"; and that she had been advised that what she did as executor of the estate would not prevent her from claiming the policy as her individual property if she saw fit to do so. The evidence also shows that about one week before this case was tried Marguerite Rowan had commenced an action in a state court of Missouri upon the policy, claiming that on July 20, 1933, the insured had changed the beneficiary from his estate to her.

The court below, without requiring that Marguerite Rowan in her individual capacity be made a party to this suit, tried it upon its merits, and found, in effect, that the reinstatement had been procured by fraud; that the company, upon discovery of the fraud, had rescinded the reinstatement and had restored the status quo as of March 20, 1932; that there had been no change of beneficiary; and that the policy was not in force at the time of the death of the insured. A decree canceling the reinstatement of the policy was entered, which is the decree appealed from.

■ The first question which we are called upon to determine is whether it was essential that Marguerite Rowan as an individual be made a party to this suit. We are unable to escape the conclusion that she was an indispensable party. It is apparent that she was a person who either had or claimed an interest in the policy and would be vitally affected by the decree. Her claim could not be said to be merely colorable, because, if the reinstatement was not fraudulently procured, or if for any other reason the policy was in effect at the time the insured attempted to change the beneficiary or if a change of beneficiary was then permissible for any reason, the company was not justified in refusing to make the change, and in equity the attempted change would be given effect. Royal Union Mut. Life Ins. Co. v. Lloyd, 8 Cir., 254 F. 407; Supreme Conclave, Royal Adelphia, v. Cappella, C.C., 41 F. 1; Brotherhood of Railroad Trainmen v. Benson, D.C., 45 F.2d 421.

■ Whether the reinstatement of this policy was procured by fraud and was subject to cancellation, whether, if so, the cancellation should be made effective as of the date of reinstatement or as of some other date, whether the policy was still in force at the time the insured attempted to change the beneficiary, whether for any reason such attempt was effectual to change the beneficiary, whether the reinstated policy was to be regarded as in force at the time of the insured's death, appear to be questions in which Marguerite Rowan has an interest and with respect to which she should be afforded an opportunity to be heard. Her absence from the case leaves the controversy undisposed of as to her, and continues in existence a threat of further litigation over the same subject-matter.

The Supreme Court, in Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U. S. 77, at page 80, 41 S.Ct. 39, 41, 65 L.Ed. 145, said:

"There is no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not; but a rule early announced and often applied by this court is sharply applicable to the case at bar. In Shields v. Barrow, 17 How. 130, 139, 15 L.Ed. 158, this language—quoted with approval in Barney v. Baltimore City, 6 Wall. 280, 284, 18 L.Ed. 825, and again in Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 48, 30 S.Ct. 10, 54 L.Ed. 80—was used to describe parties so indispensable that a court of equity will not proceed to final decision without them, viz.:

" 'Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience' "; and held that, where a person has an interest "of a nature such that a final decree could not be made without affecting that interest, and perhaps not without leaving the controversy in a condition wholly inconsistent with that equity which seeks to put an end to litigation by doing complete and final justice," such person is to be regarded as an indispensable party "within the quoted long-established rule." See, also, United States v. Bank of New York & Trust Co., 296 U.S. 463, 480, 56 S.Ct. 343, 348, 80 L.Ed. 331; Commonwealth Trust Co. v. Smith, 266 U.S. 152, 159, 45 S.Ct. 26, 28, 69 L.Ed. 219; Texas v. Interstate Com. Comm., 258 U.S. 158, 163, 42 S.Ct. 261, 263, 66 L.Ed. 531; Gregory v. Stetson, 133 U.S. 579, 586, 10 S.Ct. 422, 33 L.Ed. 792; Bogart v. Southern Pacific Co., 228 U.S. 137, 145–147, 33 S. Ct. 497, 57 L.Ed. 768; Billings v. Aspen Mining & Smelting Co., 8 Cir., 51 F. 338, 350; Tower Hill-Connellsville Coke Co. v. Piedmont Coal Co., 4 Cir., 64 F.2d 817, 823, 91 A.L.R. 648; State of Washington v. United States, 9 Cir., 87 F.2d 421, 427, 428; Simkins Federal Practice, 2d Ed., pp. 464, 465.

■ Our conclusion is that the court below should not have tried this suit without requiring that Marguerite Rowan as an individual be made a defendant and without

affording her an opportunity to answer and to participate in the trial, so that any decree which might be entered would bind her as well as the executors of the estate of the insured. Since she was not a party to this suit, we refrain from expressing any opinion as to the merits of the controversy.

It is necessary that the decree be reversed and the cause remanded, with directions to the court below to set aside its findings; to require that Marguerite Rowan, as an individual, be made a party defendant to this suit, Equity Rule 37, 28 U.S.C.A. following section 723; to afford her an opportunity to answer; and, in case she does answer and denies the allegations of the complaint, to retry the issues joined. If she should not appear and answer, or if in her answer she should admit the allegations of the complaint, the case can be disposed of upon the record already made.

The decree is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.