**STERNS v. MAGUIRE et al.**

District Court, S. D. New York.

June 13, 1938.

828

Hill, Lockwood & Redfield, of New York City, and Edward J. McArdle, Jr., and Robert P. McArdle, both of Chicago, Ill., for plaintiff.

Spence, Windels, Walser & Hotchkiss, of New York City (Kenneth E. Walser and James H. Halpin, both of New York City, of counsel), for defendant W. G. Maguire.

PATTERSON, District Judge.

Motion is made by the defendant Maguire to dismiss the bill on the ground that the defendant W. G. Maguire & Co., Inc., is an indispensable party but is not presently a party. Service of process was made initially on W. G. Maguire & Co., Inc., but the service was set aside on the ground that defendant was not a resident of the district and not subject to suit here against its con-

sent. The question is whether the defendant W. G. Maguire & Co., Inc., not now in the case, is an indispensable party.

The bill alleges that the plaintiff and the two defendants, W. G. Maguire and W. G. Maguire & Co., Inc., made an agreement to work together toward earning commissions on the purchase and sale of certain properties and to divide the commissions, the plaintiff to receive one-half the commissions; that Maguire personally or Maguire incorporated or both received large sums as commissions, of which the plaintiff received a part but not the agreed one-half. The relief asked for is an accounting.

The plaintiff relies on section 50 of the Judicial Code, 28 U.S.C.A. § 111, to the effect that where one or more defendants are not inhabitants of the district and do not voluntarily appear, the court may proceed as to the parties properly before it, the judgment or decree not to prejudice absent parties. This provision, however, is merely a formulation of a principle generally controlling in courts of equity, applicable to other courts as well as to federal courts, and it still remains true that the court may not proceed where absent defendants are indispensable parties. Bogart v. Southern Pacific Co., 228 U.S. 137, 33 S.Ct. 497, 57 L.Ed. 768. An indispensable party, as has been said over and over, is one with such an interest in the subject-matter that a final decree between the parties before the court cannot be made without injuriously affecting his interest or without leaving the controversy in such a situation that final determination may be inconsistent with equity. Shields v. Barrow, 17 How. 130, 15 L.Ed. 158; Barney v. Baltimore, 6 Wall. 280, 18 L.Ed. 825; Fourth Nat. Bank v. Carrollton R. R. Co., 11 Wall. 624, 20 L.Ed. 82.

I am of opinion that W. G. Maguire & Co., Inc., is not an indispensable party in the present case. Even if it be assumed that there is more than a formal difference between Maguire the man and Maguire the corporation, the fact remains that according to the bill the agreement was between the plaintiff on the one side and the two Maguire entities on the other side, the plaintiff to receive one-half the commissions and the two Maguires the other one-half. No reason is apparent why complete justice between the parties present, the plaintiff and Maguire the man, may not be done in this suit, without injury to the absent party, Maguire the corporation.

The defendant urges that the suit is one based on a joint adventure, that the rules applicable to partnership cases govern such a suit, and that a suit for an accounting among partners cannot be maintained without the presence of all partners. But an accounting by joint adventurers, certainly where the amount to be divided is not net profits but merely gross commissions and where there is no property owned jointly, is not the same as an accounting by partners as to partnership assets. It was held in Angell v. Lawton, 76 N.Y. 540, that an absent associate was not an indispensable party to a suit brought by two associates in a joint enterprise for an accounting of the joint affairs. The Angell Case is an authority opposed to the defendant's position.

The motion to dismiss because of the absence of W. G. Maguire & Co., Inc., will be denied.