## CARROLL et al. v. NEW YORK LIFE INS. CO.

### No. 11308.

Circuit Court of Appeals, Eighth Circuit.

Sept. 12, 1939.

Rehearing Denied Oct. 9, 1939.

Writ of Certiorari Denied Dec. 18, 1939.

See 60 S.Ct. 298, 84 L.Ed. ——.

Raymond J. Lahey, of St. Louis, Mo. (Paul G. Ochterbeck, of St. Louis, Mo., on the brief), for appellants.

Vincent L. Boisaubin, of St. Louis, Mo. (James C. Jones and James C. Jones, Jr., both of St. Louis, Mo., Louis H. Cooke, of New York City and Jones, Hocker, Gladney & Grand, of St. Louis, Mo., on the brief), for appellee.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

This is an appeal by defendants from a decree determining a rescission and cancellation of a life insurance policy issued by appellee upon the life of John W. Rowan.

This action for rescission and cancellation was brought by the company against James E. Carroll, Executor, and Marguerite Rowan, Executrix, of the estate of John W. Rowan. The grounds for rescission pleaded were fraudulent statements as to health and as to medical attendance made by Rowan to secure a reinstatement of the policy which had lapsed on April 20, 1932, for nonpayment of premium. The actual fraud was clearly established. The policy contained a clause making it incontestable for fraud after two years. This action was filed within the two years, on February 19, 1934. In an amended answer to an amended petition the above two defendants, for the first time, asserted that there had been a change in beneficiary under the policy so that Marguerite Rowan, as an individual, was the sole beneficiary and the defendants had no interest in the policy. This amended answer was filed some time after expiration of the two year incontestable period. The court below decreed cancellation. From that decree the two defendants appealed to this Court.

On this former appeal (8 Cir., 94 F.2d 333) two main propositions were presented under several argument headings. One of these was whether Marguerite Rowan, as an individual, was a necessary party to this action. The other was whether the attempted rescission could be effective because, it was claimed, that the company had not offered to place the insured in statu quo or as near as might be but had denied substantial rights which it could and was bound to accord. On that appeal we confined our examination strictly to the issue of whether Marguerite Rowan, as an individual, claiming to be the sole beneficiary under the policy, was a necessary party to this action for rescission. We determined that she was and the case was remanded.

When the case went back to the District Court, Marguerite Rowan, as an individual, was made a party thereto, by subpoena. She appeared by her guardian who had been appointed after the first trial—she having been declared non compos mentis. The guardian answered, relying upon the incontestable clause and asserting that as to her no contest had been brought within the two year contestable period. The company replied, denying that she, as an individual, had ever become the beneficiary and also pleading facts as a basis of an estoppel against her to claim the advantage of the incontestable clause. At the trial the entire record on the first appeal and some additional evidence was introduced. The court made its findings of fact and stated conclusions of law. Among the conclusions were that Marguerite Rowan never became the beneficiary and that her conduct estopped her to invoke any rights under the incontestable clause of the policy.

The broad issues upon this appeal are entirely different from those upon the prior appeal. The issues now are: (1) whether Marguerite Rowan became the beneficiary, and (2) if she did, whether she can take advantage of the incontestable clause or is estopped to do so. The issue on the former appeal that there could be no rescission of the contract because the insured was not placed in statu quo is not presented upon this appeal.

Of the above two issues now here it is necessary to resolve only that of estoppel. Purely for the purposes of this appeal and expressly without examination of that issue, suppose we assume that she became the beneficiary. Even so, her conduct estops her from pleading the incontestable clause. In brief, that conduct is as follows. After the declaration of rescission by the company, the insured gave notice to the company of a change of beneficiary from his estate (the then beneficiary) to Marguerite Rowan. The policy required, as a prerequisite of a valid change in beneficiary, that such change should be endorsed upon the policy by the company. Claiming that the policy had theretofore been cancelled and was no longer in existence, the company declined to make the change of beneficiary. The record contains no further action of the insured or of Marguerite Rowan concerning change of beneficiary until after the death of the insured. There is evidence that an attorney for the insured and, apparently, for Marguerite Rowan, went to the local agent of the company with this and other policies (not in dispute) and sought forms upon which to make claims of death. At that time he made demand on all of the policies, on behalf of the widow, for the forms upon which to make proofs of death. Proofs were furnished him upon all of the policies except this one. At subsequent discussions between the attorney and the local agent as to this policy the attorney stated that Mrs. Rowan felt that the policy was hers, to which the agent replied that the company contended that the beneficiary could not be changed and that anything due under the policy was due the estate and that he (the agent) could not have anything to do with that. Thereafter, the attorney made and sent to the company a proof of death under this policy wherein the question "Are you the individual named as beneficiary in the policy?" was answered "named as executors", and the question "If not in what capacity and by what title do you claim this insurance?", to which the answer was "claim insurance as executors of estate of John Rowan, deceased". This proof of death was signed and sworn to by Marguerite Rowan and James E. Carroll, as executors of the estate of John W. Rowan, deceased. This was the only proof of loss ever offered the company. About two weeks after receiving this proof of loss, the company brought this action.

It is clear that the company was, upon the above state of facts, entirely justified in assuming that Mrs. Rowan had abandoned her claim as an individual and accepted the view of the company that the estate, of which she was an executrix, was the beneficiary under the policy. This impression arose not from mere silence and inaction on her part but as a result of positive affirmative action which was inconsistent with the claim now made by her. When she signed this proof of loss as executrix she must have known that the estate, which she then claimed was the beneficiary, could not be such if there had been a change of beneficiary from the estate to her. Also, she must have known that the company was claiming that the estate and not she was the beneficiary. Her action in signing the death claim, as executrix, is consistent with only one position, to-wit, that she had abandoned her claim to be the beneficiary in her own right.

Suppose the company had (without contest) paid the face of the policy to the claimants under the proof of death. Suppose that, thereafter, this claimant had brought an action on the policy asserting that she, as an individual, was the sole beneficiary. Can there be any doubt that a plea of estoppel setting forth the above facts and the payment to her, as executrix, would be sound? Her conduct has estopped her to take advantage of the incontestable clause in the policy.

The claim of the company that the reinstatement of the policy was procured by actual fraud is open to the company and it is clearly established.

The decree is affirmed.